# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| LEO BRANDON FARNSWORTH, | ) | Civil Action No. 7:20-cv-00264 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MELVIN C. DAVIS, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | Senior United States District Judge |

Leo Brandon Farnsworth, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. In it, he asserts three claims, all arising from events that allegedly occurred at Green Rock Correctional Center.[1] (Compl., Dkt. No. 1.) Although his complaint form is somewhat unclear, it appears that he names only two defendants: Melvin C. Davis, the Warden at Green Rock, and Harold W. Clarke, the Director of the Virginia Department of Corrections ("VDOC").[2]

Farnsworth's complaint is before the court for review pursuant to 28 U.S.C. § 1915A(b). For the reasons discussed below, I conclude that the complaint fails to state a claim for which relief can be granted. It therefore must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1). I will give Farnsworth thirty days to file an amended complaint, however, should he choose to do so and if he believes he can correct the deficiencies in his complaint.

## I. BACKGROUND

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it, for example, is frivolous or fails to state a

---

[1] For some reason, Farnsworth's complaint also includes an unsigned affidavit referencing events with no apparent connection to his claims. These events allegedly occurred in Baltimore, Maryland in 1980.

[2] The Clerk will therefore be directed to terminate Green Rock Correctional Center as a defendant.

claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Farnsworth's complaint contains three claims, all of which are fairly conclusory. In the first, he alleges that "Defendant," which seems to be a reference to Davis, "knowingly, intentionally, and with approval" from Clarke, barred Plaintiff from church activities from March 22, 2020, at least through the date that he signed his complaint, which was April 27, 2020. (Compl. 2, Dkt. No. 1.) He offers no other supporting details.

Farnsworth's second claim alleges that, in response to the Covid-19 epidemic, sneeze guards were issued to offenders on March 27, 2020, but that employees did not receive their sneeze guards until March 30. In the interim, he alleges that "[e]mployees contracted the Coronavirus and infected offenders." (*Id.*)

In his third and final claim, Farnsworth states that VDOC is "running out of food" to feed him, and that the food supply has been interrupted because contracted distributors of food are not reporting to work, so no food is being shipped to VDOC facilities. (*Id.*)

## II.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.

2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

**A. Religious Interference Claim- RLUIPA and First Amendment**

Farnsworth does not specify whether his first claim—that Davis, with Clarke's approval, "barred" him from "religious services"—alleges a First Amendment violation, a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.*, or both. Regardless, his complaint fails to adequately allege facts to support either type of claim.

Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that" the burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that . . . interest." 42 U.S.C. § 2000cc-1(a).

A substantial burden on religious exercise occurs when a government, through act or omission, "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (quoting *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981)). The "inmate bears the initial burden of establishing that a prison policy substantially burdens his or her ability to practice in accordance with a sincerely held religious belief." *Greenhill v. Clarke*, 944 F.3d 243, 250 (4th Cir. 2019). To show a substantial burden, the plaintiff "is not required . . . to prove that the exercise at issue is required by or essential to his religion." See*, e.g.*, *Krieger v. Brown*, 496 F. App'x 322, 325 (4th Cir. 2012)

3

(citing *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005)). Nevertheless, "at a minimum the substantial burden test requires that a . . . plaintiff demonstrate that the government's denial of a particular religious . . . observance was more than an inconvenience to [his] religious practice." *Smith v. Allen*, 502 F.3d 1255, 1278 (11th Cir. 2007) (citing *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011). No substantial burden occurs if the government action merely makes the "religious exercise more expensive or difficult," but fails to pressure the adherent to violate his or her religious beliefs or abandon a precept of his religion. *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 739 (6th Cir. 2007); *see also Liberty Univ., Inc. v. Lew*, 733 F.3d 72, 100 (4th Cir. 2013) (calling it "well established" that a substantial burden does not arise where a "law or policy merely operates so as to make the practice of the individual's religious beliefs more expensive").

Once a plaintiff produces *prima facie* evidence to support the claim that the challenged practice or law substantially burdens his exercise of religion, the government bears the burden of persuasion on whether the practice or law is the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-2(b). "The least-restrictive-means standard is exceptionally demanding, and it requires the government to show that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party." *Jehovah v. Clarke*, 798 F.3d 169, 177 (4th Cir. 2015) (quoting *Holt v. Hobbs*, 574 U.S. 352, 364–65 (2015)) (internal quotation marks and citations omitted). "If a less restrictive means is available for the Government to achieve its goals, the Government must use it." *Holt*, 574 U.S. at 364–65 (citations omitted).

Farnsworth's complaint is so lacking in detail that he has not plausibly alleged even a *prima facie* case under RLUIPA. Although he states that he was "barred" from church services, nowhere

4

does he indicate what his religion or religious beliefs are, or how being barred from services for a month (or longer) placed a "substantial burden" on his religious exercise. For example, he does not allege that attendance at services at some regular interval is a precept of his religion such that being barred from them caused him to violate his beliefs or abandon a precept of his religion. Because he has not plausibly alleged facts to state a RLUIPA claim, any such claim must be dismissed.[3]

To the extent Farnsworth is alleging a First Amendment violation, such a claim must be dismissed for like reasons. The First Amendment protects an individual's right to the free exercise of religion. U.S. Const. amend I. To state a claim that prison officials or regulations have violated his right to freely exercise his religion, plaintiff must first prove that he holds a sincere religious belief, as opposed to a secular preference, *Wisconsin v. Yoder*, 406 U.S. 205, 215–16 (1972), and that the official action or regulation substantially burdened his exercise of that belief, *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989). The First Amendment and RLUIPA share the same definition of "substantial burden." *Greenhill*, 944 F.3d at 250.

If the plaintiff establishes a substantial burden on his sincerely held religious belief, the defendants' policy or practice can withstand a First Amendment challenge so long as it is "reasonably related to a legitimate penological interest." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).[4]

Once again, Farnsworth's claim fails at the outset. As already discussed, Farnsworth has not identified any sincerely held religious belief, nor has he explained how being barred from church services for approximately one month substantially burdens any such belief. For this reason, he also

---

[3] Any RLUIPA claim fails for the additional reason that Farnsworth only seeks monetary damages and does not make any request for injunctive relief. (Compl. 2 (asking for $1.5 million in relief).) RLUIPA does not authorize an award of damages against state employees in their individual capacities, *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009), and the Eleventh Amendment bars recovery of damages against state employees in their official capacities, *Sossaman v. Texas*, 563 U.S. 277, 293 (2011).

[4] This inquiry is governed by the four so-called *Turner* factors. *See Lovelace*, 472 F.3d at 200 (quoting *Turner*, 482 U.S. at 89–92).

has failed to allege sufficient facts to state a First Amendment violation.

In short, his complaint is so lacking in detail as to any claim based on interference with his religion that he has wholly failed to meet the applicable pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") .

### B. Eighth Amendment Living Conditions Claims

As to his two remaining claims (concerning the three-day delay in employees getting masks to protect against the spread of Covid-19 and potential food shortages), I construe these as living conditions claims under the Eighth Amendment. These claims also fail to include sufficient facts to state a claim for which relief can be granted.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347–49.

To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). To establish the second element of deliberate indifference, a plaintiff must show that the defendant was personally aware of facts indicating a substantial risk of serious harm, and that the defendant must have actually recognized the existence of such a risk. *See, e.g.,*

*Farmer*, 511 U.S. at 838–40; *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994). The defendant then must have failed to take "reasonable measures" to alleviate the danger. *Farmer,* 511 U.S. at 832.

First of all, there is no allegation anywhere in his complaint that Farnsworth suffered significant physical or emotional harm, or a grave risk of such harm, as a result of either of these conditions. A three-day delay in employees obtaining sneeze guards, without more, does not suggest a grave risk of harm to Farnsworth for Eighth Amendment purposes. He does not state that he was exposed to any employee (or, for that matter, any offender) who was ill or that he got sick himself.[5] Similarly, as to his claim about potential food shortages, he does not state that VDOC's purportedly running out of food ever resulted even in him missing a meal, let alone that what he has been provided in terms of food is nutritionally inadequate. *See Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2020) (reasoning that an Eighth Amendment claim based on inadequate food can be stated by allegations that the prisoner lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet); *Poindexter v. Lee*, No. 7:17CV00386, 2018 WL 3617890, at *1 (W.D. Va. July 30, 2018) (explaining that "isolated incidents of meal service disruption do not rise to the level of a constitutional violation, where no significant injury results"). For all of these reasons, Farnsworth has failed to allege facts to suggest he has suffered a significant physical or emotional harm or grave risk of such harm.

Importantly, moreover, he has not alleged that either defendant had knowledge of any such harm or risk of harm and failed to take reasonable steps to address it. The failure to obtain "sneeze guards" for employees at the same time they were given to inmates does not show a failure to take

---

[5] Although, for purposes of determining whether Farnsworth has stated a claim, I credit his allegation that some employees infected some offenders, VDOC's publicly available information reports that Green Rock has had zero positive offenders (including recovered inmates or transfers in and out) and that there were zero active cases by staff, as of July 9, 2020. Va. Dep't of Corr., *COVID-19/Coronavirus Updates*, https://vadoc.virginia.gov/news-press-releases/2020/covid-19-updates/ (last visited July 10, 2020).

"reasonable" measures to alleviate the danger of any serious harm, particularly at a time when the effectiveness and propriety of utilizing masks was a matter of debate. As to the potential food disruptions or shortages, even Farnsworth places the blame for any interruptions on VDOC's *distributors*, rather than on defendants. He simply has not alleged facts to show that either defendant was deliberately indifferent under the Eighth Amendment. Thus, like his claim based on interference with religion, these claims are also subject to dismissal.

### III. CONCLUSION

For the foregoing reasons, I will summarily dismiss this action under § 1915A(b)(1), for failure to state a claim.[6] The dismissal is without prejudice, however, and I will give Farnsworth thirty days to file an amended complaint, if he so chooses and if he believes he can remedy the deficiencies identified in this opinion.

An appropriate order will be entered.

**ENTER**: This 16th day of July, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] To the extent that Farnsworth's complaint is intended to assert any state-law claims, I decline to exercise jurisdiction over those claims. 28 U.S.C. § 1367(c)(3).