IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEO BRANDON FARNSWORTH, ) | |
|     Plaintiff, ) | Civil Action No. 7:20-cv-00264 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| MELVIN C. DAVIS, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Leo Brandon Farnsworth, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, asserting violations of his rights under the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act, and the Eighth Amendment. On September 2, 2021, the court granted the parties' motions to sever the action into two cases and ordered that this action shall consist solely of Farnsworth's failure-to-protect claim under the Eighth Amendment. Order, ECF No. 67, at 1. In the same order, the court advised Farnsworth that "[i]f he wants to add additional defendants to this case (as to his failure-to-protect claim), he may file a motion for leave to amend and include a proposed second amended complaint" that contains "specific factual allegations as to what each defendant did that Farnsworth believes violated his Eighth Amendment rights." Id. at 2. The case is now before the court on Farnsworth's motion to amend. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND

Farnsworth's Eighth Amendment claim is based on an incident that occurred at Green Rock Correctional Center ("Green Rock") on July 21, 2020. Farnsworth alleges that his

cellmate, Maurice Davis ("Inmate Davis"), physically assaulted him shortly after midnight. See 1st Am. Compl., ECF No. 15, at 20. Farnsworth contends that prison officials were aware that he was at risk of being assaulted and failed to prevent the assault from occurring. Id. at 20–23.

The case is currently proceeding against Melvin Davis, the former Warden of Green Rock, and Harold Clarke, the Director of the Virginia Department of Corrections. In his motion to amend, Farnsworth seeks leave to file a second amended complaint that names eighteen defendants, including Melvin Davis, and asserts additional factual allegations and claims for relief.

## II.     STANDARD OF REVIEW

A plaintiff may amend the complaint "once as a matter of course" before the defendants file a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that time, the plaintiff may only amend the complaint with the consent of the defendants or with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may deny leave to amend a complaint if the amendment would be futile. Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face," or "if the claim it presents would not survive a motion to dismiss." Id. (internal quotation marks and citations omitted). Additionally, "leave to amend may be denied if the amendment would result in the improper joinder of parties or claims." Mims v. Simons, No. 1:22-cv-00323, 2022 U.S. Dist. LEXIS 78455, at *7 (W.D. Mich. Apr. 29, 2022); see also Powers v. Mathena, No. 7:20-cv-00520, 2021 U.S. Dist. LEXIS 20685, at *3 (W.D. Va. Feb. 3, 2021) (denying leave to amend a complaint

to raise new claims against a new defendant on the basis that such claims would be "improperly joined") (citing Fed. R. Civ. P. 18, 20).

### III. DISCUSSION

Farnworth's motion to amend is accompanied by a proposed second amended complaint. See Proposed 2d Am. Compl., ECF No. 70-1. Under the heading "Failure To Protect Claim(s)," the proposed pleading lists eighteen defendants, including Melvin Davis, and it includes a summary of the allegations against each defendant.[1] Id. at 2–15. Farnsworth has also filed an affidavit in support of the proposed pleading, which includes additional allegations with respect to certain individuals. See Pl.'s Aff., ECF No. 78. The court will address each defendant or group of defendants in turn.

#### A. Davis, Northup, Alvis, Warring, and Lanier

Liberally construed, the proposed second amended complaint alleges that Melvin Davis, Northup (Chief of Security), Alvis (Lead Investigator), Warring (Sergeant), and A. Lanier (Building Supervisor) were personally involved in the alleged failure to protect Farnsworth from being assaulted by Inmate Davis on July 21, 2020. Consequently, to the extent Farnsworth seeks to add Northup, Alvis, Warring, and Lanier as defendants to the existing claim under the Eighth Amendment, the motion to amend is granted.

#### B. Kanode

Barry Kanode is the "current Warden of Green Rock." Proposed 2d Am. Compl. at 5. Farnsworth does not allege that Kanode played any role in the events giving rise to his Eighth

---

[1] Harold Clarke is not listed as a defendant in the proposed pleading. Accordingly, the court will direct the Clerk to terminate Clarke as a defendant.

3

Amendment claim. Instead, Farnsworth seeks to add Kanode as a defendant on the basis that Kanode denied him "access to a magistrate" so that he could pursue criminal charges related to the incident. Id. Farnsworth also appears to allege that Kanode prevented him from accessing the prison's grievance process. Id.

The allegations against Kanode fail to state a constitutional claim. The United States Court of Appeals for the Fourth Circuit has made clear that "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). Likewise, inmates "have no constitutional entitlement or due process interest in access to a grievance procedure." Booker v. S.C. Dept of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Because Farnsworth does not plausibly allege that Kanode violated his constitutional rights, the motion to amend is denied to the extent Farnsworth seeks to add Kanode as a defendant.

### C. Bowker, Bateman, Walker, Shepard, Maughan, Gilbert, Andy, Caswell, Boyd, Harrell, White, and Massenburg

The motion to amend is also denied with respect to the remaining individuals identified in the proposed second amended complaint. Farnsworth does not allege, much less plausibly demonstrate, that any of the remaining individuals played any role in the July 2020 incident on which his Eighth Amendment claim is based. Instead, Farnsworth seeks to assert entirely new claims based on various interactions and incidents that allegedly occurred after that incident. For instance, Farnsworth alleges that Captain Bowker and Randall Bateman "did nothing" about an "enemy situation" that arose in 2021; that Johnnie Walker failed to protect him "after the July 21, 2020 assault . . . because of retaliation"; that Harley Shepard took retaliatory actions against him "after the July 21, 2020 assault," including having him placed in the restrictive housing unit; that Laura Maughan, former counsel for the defendants, "deliberately ignored

4

[his] cries for the retaliation against him to cease at once"; that L. Gilbert "conspired against him" for complaining about the seizure of legal papers in March 2021; and that Qualified Mental Health Provider White retaliated against him by having him transferred to a mental health unit at Greensville Correctional Center, where he is presently incarcerated. Proposed 2d Am. Compl. at 5–15.

In deciding whether to grant a motion to amend to join additional parties, the court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20[]." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). Rule 20 provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). Courts have interpreted this rule to permit claims against different defendants to be joined in the same action "when there is a 'logical relationship' between them." Courthouse News Serv. v. Schaefer, 2 F.4th 318, 325 (4th Cir. 2021) (citing In re EMC Corp., 677 F.3d 1351, 1357–58 (Fed. Cir. 2012); In re Prempro Prods. Liability Litigation, 591 F.3d 613, 622–23 (8th Cir. 2010)). "The logical relationship is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." In re EMC Corp., 677 F.3d at 1358. In other words, the claims against different defendants "must share an aggregate of operative facts." Id. Moreover, in making a joinder decision, the court must consider the underlying purpose of joinder, "which is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." Aleman v.

5

Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007) (citations omitted). "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." Id. (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001)).

In this case, the court is not convinced that the proposed claims against Bowker, Bateman, Walker, Shepard, Maughan, Gilbert, Andy, Caswell, Boyd, Harrell, White, and Massenburg are logically related to the existing failure-to-protect claim under the Eighth Amendment. Even if the proposed claims satisfy this requirement, however, the court will exercise its "wide discretion" to deny Farnworth's request to add these individuals as defendants. Aleman, 485 F.3d at 218 n.5. The amended complaint containing the failure-to-protect claim was filed in August of 2020, more than a year before Farnsworth sought leave to file a second amended complaint. Permitting him to join individuals involved in separate wrongdoings that allegedly occurred in the weeks and months following the July 2020 assault by Inmate Davis "will result in substantial delay, justifying denial" of his request to add these individuals as defendants. Clinton v. Slagle, No. 1:20-cv-01078, 2022 U.S. Dist. LEXIS 75347, at *22 (M.D.N.C. Apr. 26, 2022) (quoting Fuller v. Dixon, No. 7:21-cv-00040, 2021 U.S. Dist. LEXIS 164781, at *4 (E.D.N.C. Aug. 31, 2021) (denying a motion to join "slightly overlapping but unrelated claims")); see also Fed. Ins. Co. v. Singing River Health Sys., 850 F.3d 187, 202 (5th Cir. 2017) (affirming the denial of a joinder request on the basis that "joining all of the requested parties would create substantial delay"). Accordingly, the motion to amend is denied

to the extent Farnsworth seeks to add Bowker, Bateman, Walker, Shepard, Maughan, Gilbert, Andy, Caswell, Boyd, Harrell, White, and Massenburg as defendants.[2]

## IV.  CONCLUSION

For the reasons set forth herein, it is hereby **ORDERED** as follows:

1. Farnsworth's motion to amend, ECF No. 70, is **GRANTED IN PART AND DENIED IN PART**. The motion to amend is **GRANTED** to the extent it seeks to add Northup (Chief of Security), Alvis (Lead Investigator), Warring (Sergeant), and A. Lanier (Building Supervisor) as defendants to the existing failure-to-protect claim under the Eighth Amendment and to the extent it seeks to include additional allegations in support of that claim. The motion to amend is **DENIED** in all other respects.

2. The Clerk is **DIRECTED** to file the proposed second amended complaint, ECF No. 70-1, along with Farnsworth's supporting affidavit, ECF No. 78, as a separate docket entry. The Clerk is further **DIRECTED** to add Northup, Alvis, Warring, and Lanier as defendants, and to cause them to be notified of this action pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Agreement on Acceptance of Service.

3. The second amended complaint shall be the operative pleading, but the case case will proceed only as to the Eighth Amendment failure-to-protect claim

---

[2] In light of the court's decision, the court finds it unnecessary to address whether Farnsworth's allegations against these individuals state a claim upon which relief can be granted. Thus, the court offers no opinion on whether the claims against these individuals would survive screening under 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915A, if Farnsworth were to assert them in a separate action.

asserted against Davis, Northup, Alvis, Warring, and Lainer, which arises from the assault by Inmate Davis on July 21, 2020.

4. The Clerk is **DIRECTED** to terminate defendant Harold Clarke.

5. The Clerk is further **DIRECTED** to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: June 3, 2022

Digitally signed by Michael F. Urbanski    Chief U.S. District Judge
Date: 2022.06.03 12:40:58 -04'00'

Michael F. Urbanski
Chief United States District Judge