IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEO BRANDON FARNSWORTH, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20-cv-00264 |
| | ) | |
| v. | ) | |
| | ) | By: Joel C. Hoppe |
| MELVIN C. DAVIS, *et al.*, | ) | United States Magistrate Judge |
|     Defendants. | ) | |

**ORDER**

Leo Brandon Farnsworth, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, asserting violations of his rights under the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act, and the Eighth Amendment. On September 2, 2021, the presiding district judge granted the parties' motion to sever the action into two cases and ordered that this action shall consist solely of Farnsworth's failure-to-protect claim under the Eighth Amendment. Farnsworth has since been granted leave to file a second amended complaint that adds certain individuals as defendants and includes additional allegations in support of his failure-to-protect claim.

Pending before the court is Farnsworth's "motion to find plaintiff under hardship status due to mental illness," which the court construes as a motion for appointment of counsel. (Dkt. No. 71.) In the motion, Farnsworth asserts that he is currently housed in a mental health unit, that he has limited access to the law library due to COVID-19 restrictions, and that he is rushing to meet deadlines due to mail delays associated with the pandemic. Farnsworth also notes that he is proceeding without an attorney and that he believes he will prevail on the merits of his claim.

A litigant in a civil case does not have a constitutional right to counsel, and the court cannot require an attorney to represent an indigent plaintiff. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). Although the court has the discretion to request an attorney to represent an

indigent plaintiff, it may do so only in "exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1985). Whether "exceptional circumstances" exist turns on several factors, including a plaintiff's ability to present his case and the complexity of his claims. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 309; s*ee also Walker v. Price*, 900 F.3d 933, 935 (7th Cir. 2018) (noting that a court deciding whether to recruit counsel for an indigent civil plaintiff must determine "whether, given the difficulty of the case, the plaintiff is competent to litigate it himself").

Considering the relevant factors here, the court concludes that appointment of counsel is not warranted at this time. Although Farnsworth's motion indicates that he has an unspecified mental illness, his pleadings and other filings are detailed and clearly written, and the case is not so complex as to require the assistance of an attorney. Moreover, the other circumstances identified in the motion, such as having limited access to the law library, exist in many civil cases brought by inmates and are "not exceptional." *Watson v. Kanode*, No. 7:21-cv-00119, 2022 U.S. Dist. LEXIS 50946, at *2–3 (W.D. Va. Mar. 22, 2022); *see also Rapinoe v. Gore*, No. 3:21-cv-01779, 2022 U.S. Dist. LEXIS 41246, at *26–27 (S.D. Cal. Mar. 8, 2022) (denying motion for appointment of counsel where the plaintiff alleged that access to the law library, research materials, and legal mail was limited as a result of COVID-19 restrictions, and noting that other courts "have declined to find that challenges presented by the COVID-19 pandemic alone establish exceptional circumstances") (citations omitted).

For the foregoing reasons, Farnsworth's motion for appointment of counsel (Dkt. No. 71) is **DENIED WITHOUT PREJUDICE**. In the event that the case is set for trial or other circumstances change, the court will consider a renewed request for counsel. If Farnsworth experiences difficulties complying with a deadline, he may request an extension of time.

The Clerk is directed to provide a copy of this order to Farnsworth and to all counsel of record.

It is so **ORDERED**.

ENTER: June 14, 2022

/s/ Joel C. Hoppe
United States Magistrate Judge