IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEO BRANDON FARNSWORTH, ) | |
| Plaintiff, ) | Civil Action No. 7:20-cv-00264 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| MELVIN C. DAVIS, et al., ) | Chief United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Leo Brandon Farnsworth, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that prison officials failed to protect him from being harmed by his cellmate, in violation of the Eighth Amendment to the United States Constitution.[1] Defendants Melvin Davis ("Warden Davis"), Russell Northup, Michael Alvis, Craig Warring, and Anthony Lanier have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 94. Farnsworth has responded to the motion, ECF No. 98, and it is ripe for review. For the reasons set forth below, the motion is **GRANTED**.

I.   Background

Farnsworth is incarcerated within the Virginia Department of Corrections. He was previously housed at Green Rock Correctional Center ("Green Rock"), where the events

---

[1] The court previously severed the claims asserted in Farnsworth's first amended complaint into two separate cases and ordered that "[t]his case shall consist only of the failure-to-protect claim." Order, ECF No. 67, at 1. The court subsequently permitted Farnsworth to file a second amended complaint containing additional allegations against five named defendants. Order, ECF No. 81, at 7–8. The order made clear that the operative pleading would be limited to the failure-to-protect claim asserted against those defendants. Id. To the extent Farnsworth sought to add other claims or defendants, the court denied leave to amend. Id.

giving rise to this action occurred.[2] The following factual allegations are taken from the second amended complaint and the attached affidavit.

On or about July 16, 2020, Farnsworth wrote a letter to a local news reporter regarding "an illegal scheme being used by inmates to commit fraud against the United States Treasury pertaining to $300 enhancement unemployment checks." 2d Am. Compl., ECF No. 80, at 16.[3] Farnsworth alleges that his cellmate, Maurice Davis ("Inmate Davis"), was "the ring leader" of the fraudulent scheme and that it involved other inmates at Green Rock. Id. at 2. Farnsworth also "notified Intel by . . . letter of what he personally knew" about the scheme. Id. at 16.

On or about July 18, 2020, Farnsworth met with Warring and Alvis and shared "information about what was going on" at Green Rock. Id. at 3, 16. Farnsworth also provided a written statement describing what he knew about the fraudulent scheme. Id. at 16. Farnsworth alleges that he told Warring that he would "fear for his life, safety, and security if word got out he was 'snitching' on Inmate Davis and others in 'A' building." Id. at 7.

By the time that Farnsworth met with Warring and Alvis, Warden Davis "had already been contacted" by the news reporter regarding the information provided by Farnsworth. Id. at 2. Farnsworth believes that the information was "embarrass[ing to Warden] Davis and his administration." Id. at 6.

---

[2] Farnsworth is now incarcerated at Greensville Correctional Center.

[3] The court will utilize Farnsworth's handwritten page numbers in citing to the second amended complaint and the attached affidavit.

On July 21, 2020, Inmate Davis physically assaulted Farnsworth in their cell. Id. at 2; see also id. at 16 (alleging that "the assault took place on July 21, 2020, in 'A' building (cell A332)"). Following the altercation, Farnsworth was taken to the medical department for evaluation, and Inmate Davis was moved to the restrictive housing unit. Id. at 4, 16–17. Farnsworth subsequently informed Warring and Lanier that he "wanted to list Inmate Davis as a known enemy due to the assault." Id. at 17.

At some point later that same day, Farnsworth and Inmate Davis were released "back to [general] population." Id. at 3. Farnsworth alleges that Warden Davis "authorized" Inmate Davis's release. Id. at 5. Prison staff placed Inmate Davis in the same cell that he and Farnsworth had previously shared, and they moved Farnsworth to a different cell in the same housing unit. Id. at 3–4; see also id. at 6 (alleging that Northup "released Inmate Davis back to 'A' building, where Farnsworth was assigned also"); Pl.'s Aff., ECF No. 80-1, at 3 ("I was moved from 332[] to 319[], but still in the same pod with Inmate Davis."). Farnsworth and Inmate Davis remained in the same housing unit "overnight," and one of them was eventually "removed from 'A' building to be housed in 'C' building." 2d Am. Compl. at 10, 12. Although Farnworth alleges that he and Inmate Davis "passed by each other" in the housing unit following the assault, id. at 4, there is no indication that he experienced any further problems with Inmate Davis while they were still housed in the same unit.

## II.   Standard of Review

The defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

3

claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions," "naked assertion[s] devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citation omitted).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Farnsworth filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284-85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also show "that the official charged acted personally in the

4

deprivation of the plaintiff's rights." Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Farnsworth claims that the defendants violated his rights under the Eighth Amendment by failing to protect him from being harmed by Inmate Davis. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "Because being assaulted in prison is not 'part of the penalty that criminal offenders pay for their offenses against society,' prison officials are responsible for 'protect[ing] prisoners from violence at the hands of other prisoners.'" Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 832–34 (1994)).

Not every injury suffered by a prisoner at the hands of another prisoner "translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. "To make a valid claim under the Eighth Amendment, a prisoner must satisfy two elements." Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010). "First, a prisoner must establish a serious deprivation of his rights in the form of a 'serious or significant physical or emotional injury.'" Danser, 772 F.3d at 346 (quoting Brown, 612 F.3d at 723); see also De'Lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (explaining that "[o]nly an extreme deprivation, that is a serious or significant physical or emotional injury resulting from the challenged conditions, or substantial risk thereof, will satisfy the objective component of an Eighth Amendment claim challenging the conditions of confinement"). Second, the plaintiff must show that the prison official had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. "In this context, the required state of mind that must be established is 'deliberate

5

indifference to inmate health or safety.'" Danser, 772 F.3d at 347 (quoting Farmer, 511 U.S. at 834).

Deliberate indifference is "a very high standard" that cannot be met by a showing of "mere negligence." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "A plaintiff establishes 'deliberate indifference' by showing that the prison official 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" Danser, 772 F.3d at 346 (quoting Farmer, 511 U.S. at 837). Importantly, "the official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer, 511 U.S. at 837). "And, in addition to subjectively recognizing that substantial risk, the prison official must also subjectively be aware that 'his actions were inappropriate in light of that risk.'" Cox v. Quinn, 828 F.3d 227, 236 (4th Cir. 2016) (quoting Parrish v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004)).

Applying these principles, the court concludes that Farnsworth has failed to state a cognizable claim against any of the named defendants. According to the second amended complaint, Farnsworth informed Warring and Alvis of the fraudulent scheme involving Inmate Davis and other Green Rock inmates a few days before Inmate Davis assaulted him. The pleading contains few allegations regarding the assault itself. Even assuming that Farnsworth suffered injuries sufficient to satisfy the first element of an Eighth Amendment failure-to-protect claim, he has not alleged facts from which the court can reasonably infer that Warring, Alvis, or any other defendant acted with deliberate indifference prior to the assault.

To be sure, Farnsworth alleges that he expressed concerns about his safety and security in the event that "word got out" that he was "snitching on Inmate Davis and others in the 'A' building." 2d Am. Compl. at 7. However, Farnsworth does not allege that he asked to be immediately moved to another cell or housing unit as a result of those concerns, or that he provided any other information from which the court could reasonably infer that Warring and Alvis knew that it would be unsafe for the two inmates to remain in the same cell at that time. Nor does Farnsworth allege that Inmate Davis or any other inmate actually found out about his meeting with Warring and Alvis, that Inmate Davis accused him of being a snitch, or that Warring and Alvis became aware of such information prior to the assault. Indeed, there are no factual allegations specifically linking the assault to Farnsworth's meeting with Warring and Alvis. Even if Farnworth believes that he was assaulted for snitching on Inmate Davis and other inmates, he has not plausibly alleged that Warring and Alvis actually knew of and disregarded a substantial risk of serious harm.[4] See, e.g., Grieveson v. Anderson, 538 F.3d 763, 775 (7th Cir. 2008) (concluding that an inmate's own belief that he was perceived to be a snitch by his fellow inmates was insufficient to establish that individual officers were subjectively aware that he faced a substantial risk of serious harm). Accordingly, to the extent Farnsworth seeks to hold Warring and Alvis responsible for failing to protect him from being

---

[4] Farnsworth alternatively suggests that Warden Davis "willfully, deliberately, and unlawfully had Inmate Davis assault [and] batter Farnsworth in retaliation for going public with the unlawful[] activity." 2d Am. Compl. at 3. Because Farnsworth provides no factual support for this conclusory assertion, however, the court is not required to consider it. See Iqbal, 556 U.S. at 686 (emphasizing that "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context"); Leavitt v. N.C. Dep't of Pub. Safety, 706 F. App'x 139, 140 (4th Cir. 2017) (explaining that courts presented with a motion to dismiss "must draw reasonable inferences in favor of the nonmoving party, but need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, [or] unreasonable inferences") (internal quotation marks and citations omitted).

7

assaulted on July 21, 2020, the court concludes that Farnsworth has failed to state a claim upon which relief can be granted.

Liberally construed, Farnsworth's second amended complaint also appears to allege that Warring, Lanier, Northup, and Warden Davis failed to protect him after he was assaulted by Inmate Davis. The court agrees with the defendants that Farnsworth's post-assault allegations also fail to state a viable Eighth Amendment claim.

Although Farnsworth faults the defendants for allowing him and Inmate Davis to return to the same housing unit following the assault, Farnsworth does not claim that he suffered any further harm at the hands of Inmate Davis. Nor does he plausibly allege that the defendants actually knew of and disregarded a substantial risk of serious harm. According to the second amended complaint and the attached affidavit, prison staff separated Farnsworth and Inmate Davis immediately following the altercation on July 21, 2020, and they subsequently relocated Farnsworth to a different cell. Although Farnsworth and Inmate Davis remained in the same building for at least a short period of time, there is no indication that the inmates had any further issues after being separated. Nor are there any other allegations suggesting that the course of action taken following the assault was so "patently inadequate as to justify an inference that the [defendants] actually recognized that [the course of action] was inappropriate under the circumstances." Parrish, 372 F.3d at 303; see also Cox v. Nobles, 15 F.4th 1350, 1361 (11th Cir. 2021) (noting that an inmate's amended complaint failed to provide sufficient context from which the court could conclude that a correctional officer acted with deliberate indifference by moving the inmate from one cell to another in the same dorm following a fight with her cellmate); Nelson v. Henthorn, 677 F. App'x 823, 827 (4th Cir. 2017)

8

(concluding that an officer acted reasonably in moving an inmate to another cell after being threatened by his cellmate and that the officer's failure to completely isolate the inmate did not rise to the level of deliberate indifference). Accordingly, to the extent Farnsworth seeks to hold the defendants liable for failing to protect him after the assault, the court concludes that he has failed to state a claim upon which relief can be granted.

## IV. Conclusion

For the reasons set forth herein, the defendants' motion to dismiss, ECF No. 94, is **GRANTED**. An appropriate order will be entered.

Entered: March 28, 2023

Digitally signed by Michael F. Urbanski    Chief U.S. District Judge
Date: 2023.03.28 17:46:02 -04'00'

Michael F. Urbanski
Chief United States District Judge